[Sac. No. 343.    Department Two.—December 5, 1898.]

DANIEL FLINT, Appellant, v. T. B. LOVDALL et al., Respondents.

FORCIBLE ENTRY AND UNLAWFUL DETAINER—PEACEABLE POSSESSION OF DEFENDANTS—EVIDENCE—AGREEMENT UPON BOUNDARY.—In an action for a forcible and unlawful detainer, in which the defendants pleaded quiet and peaceable possession of the demanded premises for more than one year continuously next before the commencement of the action, where it appeared that the plaintiff and the defendants owned adjoining farms and the controversy involved the location of a disputed boundary between them, evidence is admissible for the defendants to show that a survey locating the disputed line was agreed to several years before the action was brought, and that defendants then took possession of the disputed strip under that agreement, with the knowledge and consent of plaintiff, and had maintained the possession thereof until the action was brought.

ID.—QUESTION FOR JURY—INSTRUCTION.—It was proper for the jury to consider the agreement testified to, as a circumstance tending to show who was in fact in possession of the land at the time of the alleged entry; and the court might properly state the evidence in relation thereto; and instruct the jury that if they should believe from all the evidence that the defendants and not the plaintiff were in possession of the land, or were exercising acts of ownership over it inconsistent with plaintiff's peaceable possession at the time of the alleged forcible entry, their verdict should be for the defendants.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. H. Grant, Judge.

The facts are stated in the opinion.

McKune & George, for Appellant.

The agreement was inadmissible. The right to possession was not involved, and could not be pleaded or proved, and the court erred in instructing the jury in relation thereto. (*Voll v. Hollis,* 60 Cal. 575; *Giddings v. Water Co.,* 83 Cal. 100; *Lasserot v. Gamble,* 46 Pac. Rep. 917.)

R. Clark, and F. E. Baker, for Respondents.

The authorities cited for appellant are inapplicable. The facts show possession of the defendants with the consent of plaintiff; and the proof of the agreement was proper as a circumstance tending to show such possession. The instruction was proper.

BELCHER, C.—This is an action to recover possession of a strip of land in Yolo county, described as being about seventy-two feet wide and two thousand two hundred feet long. The complaint was filed February 13, 1893, and contains two counts, the first alleging a forcible entry upon the land by defendants on January 24, 1893, and the second alleging an entry upon the land on the same day, and a forcible detention thereof.

The answer of defendants denies all of the material averments of the complaint, and alleges that "they have been in the quiet and peaceable possession of the premises mentioned in the complaint for more than one whole year continuously next before the commencement of the action, and that their interest therein

has not ended or determined, and that by reason thereof plaintiff
is barred from asserting any claim, or complaining in any way
of or concerning any forcible entry, or forcible detainer, or un-
lawful entry or detainer."

The cause was tried before a jury, and the verdict and judg-
ment entered thereon were in favor of defendants.   Plain-
tiff moved for a new trial, and his motion was denied.   From
that order this appeal is prosecuted.

Appellant contends that the court erred in admitting certain
evidence; and in giving a certain instruction to the jury, and
that the verdict was not justified by the evidence.

It appears that plaintiff and defendants owned adjoining farms,
and that the land in controversy was a strip along the dividing
line between the farms, as to the ownership of which there had
been some controversy.

To make out his case the plaintiff introduced evidence show-
ing that the land in dispute had been in his possession and used
by him partly for raising alfalfa and partly for pasturage, and
had been inclosed with other land by a good substantial fence,
for more than six years prior to January 24, 1893, when the de-
fendants, in the absence of plaintiff and without his knowledge,
removed the fence along the south line of said strip to the north
line thereof, and there put it up in a substantial manner.

On the other hand, T. B. Lovdal testified for defendants that
he and his brother had had possession of the said land for the
last three or four years; that he had exercised dominion over the
land by going on it, keeping the levees up, cutting the timber off
it, keeping others from using it, and preventing Mr. Flint from
using it.   The witness was then asked whether or not three or
four years ago he had an agreement with Mr. Flint in relation
to this particular piece of land, whereby he obtained possession
and had since had possession of it.   Counsel for plaintiff objected
to the question, on the ground that it was irrelevant, but the
court said:  "I think he can prove he went into possession under
that agreement," and overruled the objection.

The witness then testified that he did not remember the exact
time the agreement was made, but that Mr. Flint came to him
and said: "I think you are on my land.   Let us have a survey
made to establish the lines between us."   That they agreed upon

getting the county surveyor to make the survey, and so wrote to Mr. O'Farrell; that when O'Farrell came to make the survey Mr. Flint said: "Take my patent and run by it." That they took the patent, and O'Farrell ran the lines in accordance with it, and caused stakes to be set at the corners, following the survey; that Mr. Flint was present and saw the stakes; that witness took possession under that agreement, and the first thing he did after the line was fixed was to raise a levee in front of the piece in dispute, and that he had been raising it every year since; that Mr. Flint knew he was raising it, and did not object to it; that he cut trees a year ago, cut hop-poles in front, and last fall cleared it off, commencing in November, without objection on the part of Flint; and that he had pulled up trees which Flint had planted.

. The court gave to the jury an instruction reading as follows: "Defendants, for purposes of proving that they, and not the plaintiff, were in the possession of the premises at the time of the alleged forcible entry, have given evidence pertaining to a survey made by O'Farrell for the purpose of establishing the division line between plaintiff's and defendants' lands. Now, if you should believe from the evidence, taken with all the other evidence given, that the defendants, and not the plaintiff, were in possession of the land described in the complaint, or were exercising acts of ownership over it inconsistent with plaintiff's peaceable possession at the time of the alleged forcible entry, your verdict will be for defendants."

We see no error in the ruling of the court upon the admission of the evidence objected to. The evidence tended to show that the parties had by agreement fixed the location of their dividing line, and that defendants took possession of the disputed strip with the knowledge and consent of plaintiff.

So we see no error in the instruction complained of. It was proper for the jury to consider the said agreement as a circumstance tending to show who was in fact in possession of the land at the time of the alleged entry.

There was a conflict in the evidence, but that given on behalf of defendants was sufficient, if believed by the jury, as it must have been, to justify and support the verdict. The judgment cannot, therefore, be reversed on this ground.

The order appealed from should be affirmed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., McFarland, J., Temple, J.